UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

NATHAN LEE AVERY,

           Plaintiff,

v.

JEFF NELSON et al.,

           Defendants.
_____/

Case No. 1:23-cv-160

Honorable Robert J. Jonker

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss the following claims for failure to state a claim: (1) Plaintiff's official capacity claims; and (2) Plaintiff's personal capacity Fourteenth Amendment due process claims premised upon Plaintiff's termination from Plaintiff's job. Plaintiff's Fourteenth Amendment personal capacity equal protection claims against Defendants remain in the case.

**Discussion**

I.  **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The events about which Plaintiff complains occurred at that facility. Plaintiff sues Supervisor Jeff Nelson and Corrections Officer Unknown Weiber in their official and personal capacities. (ECF No. 1, PageID.2.)

Plaintiff alleges that Plaintiff was diagnosed with gender identity dysphoria (GID) and that Plaintiff takes hormone therapy medications. (*Id.*, PageID.3.) Plaintiff also contends that per MDOC policy, prisoners taking hormones who have developed breast tissue "must wear a bra while outside of their cell with the exception [of] shower[ing]." (*Id.*)

On March 20, 2020, Plaintiff was dismissed from Plaintiff's assignment at the shoe factory. (*Id.*) One week prior, inmate Rosa overheard a conversation between Defendants regarding Plaintiff. (*Id.*) Plaintiff has attached an affidavit from inmate Rosa to Plaintiff's complaint. (ECF No. 1-1.) Inmate Rosa overheard Defendants discuss "terminating [Plaintiff] because of the fact that Plaintiff identifies as GID and was taking hormones which required him to wear a bra, but because of that fact [Defendant] Weiber could not force [Plaintiff] to strip out properly in front of the other inmates." (*Id.*, PageID.8.) A week later, inmate Rosa asked Defendant Nelson "what they were going to do now that [Plaintiff] was wearing a bra to work." (*Id.*) Defendant Nelson stated, "Don't worry[,] he won't be here much longer." (*Id.*) After Plaintiff was terminated from Plaintiff's assignment, inmate Rosa asked Defendant Nelson why Plaintiff had been terminated. (ECF No. 1, PageID.3.) Defendant Nelson stated, "He would have been fine if he hadn't started wearing that bra." (*Id.*)

Based on the foregoing, Plaintiff asserts a Fourteenth Amendment equal protection claim, asserting that Defendants "wrongfully terminated [Plaintiff] by discrimination." (*Id.*, PageID.4.) The Court also construes Plaintiff's complaint to raise a Fourteenth Amendment due process claim premised upon Plaintiff's termination from Plaintiff's job. Plaintiff seeks compensatory and punitive damages. (*Id.*)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.  Official Capacity Claims

Plaintiff names Defendants in both their official and personal capacities. (ECF No. 1, PageID.2.) Although an action against a defendant in his or her individual capacity intends to impose liability on the specified individual, an action against the same defendant in his or her official capacity intends to impose liability only on the entity that they represent. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune

4

from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Plaintiff seeks compensatory and punitive damages in this action. (ECF No. 1, PageID.4.) Official capacity defendants, however, are absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). The Court, therefore, will dismiss Plaintiff's claims against Defendants in their official capacities.

**B.** **Personal Capacity Claims**

**1.** **Fourteenth Amendment—Due Process**

The Court has construed Plaintiff's complaint to assert a Fourteenth Amendment due process claim premised upon Plaintiff's termination from Plaintiff's job assignment. The Fourteenth Amendment protects an individual from deprivation of life, liberty[,] or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

Plaintiff's claim fails at the first step, however, because "no prisoner has a constitutional right to a particular job or to any job." *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *see also Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (discussing that prisoners have no constitutional right to rehabilitation, education or jobs); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (holding that there is no constitutional right to prison employment); Moreover, "as the

5

Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." *See Carter v. Tucker*, 69 F. App'x 678, 80 (6th Cir. 2003) (citing *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991); *James v. Quinlan*, 866 F.2d 627, 629–30 (3d Cir. 1989)). Consequently, Plaintiff's loss of Plaintiff's job assignment did not trigger a right to due process, and Plaintiff's Fourteenth Amendment due process claims will be dismissed.

### 2. Fourteenth Amendment—Equal Protection

Plaintiff contends that Defendants violated Plaintiff's Fourteenth Amendment equal protection rights by terminating Plaintiff from Plaintiff's job assignment because of Plaintiff's GID and related gender non-conforming behavior and appearance (i.e., wearing a bra).

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws[,]" which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const. amend. XIV; *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). When a law adversely impacts a "suspect class" such as one defined by race, alienage, or national origin, or invades a "fundamental right" such as speech or religious freedom, the rigorous "strict scrutiny" standard governs, whereby such laws "will be sustained only if they are suitably tailored to serve a compelling state interest." *City of Cleburne*, 473 U.S. at 440. Where legislation singularly and negatively affects a "quasi-suspect" class such as one defined by gender, the level of scrutiny is "intermediate," and the law is valid if it is "substantially related to a sufficiently important government interest." *Id.* at 440–41. However, a state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976).

Plaintiff's claim does not implicate a fundamental right, as Plaintiff does not have a "constitutional right to a particular job or any job." *See Ivey*, 832 F.2d at 955; *see also Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003). Plaintiff does suggest, however, that Plaintiff is a member of a suspect class or that Defendants discriminated against Plaintiff because Plaintiff was a member of a suspect or quasi-suspect class. Individuals have a right to be "free from discrimination on the basis of sex in public employment. To make out such a claim, a plaintiff must prove that he suffered purposeful or intentional discrimination on the basis of gender." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576–77 (6th Cir. 2004) (internal citation omitted). In *Smith*, the Sixth Circuit concluded that a city fire department employee who was born male and subsequently diagnosed with GID stated an equal protection claim premised upon sex discrimination when the city fire department employee alleged that the employee was discriminated against because of the employee's gender non-conforming behavior and appearance. *See id.* at 568, 577; *see also Davis v. Prison Health Servs.*, 679 F.3d 433, 438 (6th Cir. 2012) (noting that an inmate stated a plausible equal protection claim when he alleged that "he was removed from his public-works employment because of the defendants' anti-gay animus"); *Glenn v. Brumby*, 663 F.3d 1312, 1317 (11th Cir. 2011) (noting that several circuits have held that "discrimination against a transgender individual because of her gender-noncomformity is sex discrimination, whether it's described as being on the basis of sex or gender"); *Rowe v. Corr. Med. Servs., Inc.*, No. 1:08-cv-827, 2010 WL 3779561, at *8 (W.D. Mich. Aug. 18, 2010) (discussing an inmate's equal protection claim premised upon GID and noting that "a transsexual is a protected class under the Equal Protection Clause"), *Report and Recommendation adopted*, 2010 WL 3779437 (W.D. Mich. Sept. 22, 2010); *cf. Bostock v. Clayton Cnty., Ga.*, 140 S. Ct. 1731, 1754 (2020) (holding that an employer violates Title VII by firing an individual "merely for being gay

7

or transgender"); *Lautermilch v. Findlay City Schs.*, 314 F.3d 271, 275 (6th Cir. 2003) (noting that to prove a violation of the Equal Protection Clause, a plaintiff "must prove the same elements as are required to establish a disparate treatment claim under Title VII" (quoting *Jachrya v. City of Southfield*, No. 95-1009, 1996 WL 520795, at *3 (6th Cir. Sept. 12, 1996))).

Taking Plaintiff's allegations as true and in the light most favorable to Plaintiff, the Court concludes that Plaintiff has set forth plausible personal capacity equal protection claims against Defendants Nelson and Weiber premised upon their alleged discrimination against Plaintiff and terminating Plaintiff from Plaintiff's job assignment because of Plaintiff's GID and related gender non-conforming behavior and appearance (i.e., wearing a bra). Plaintiff, therefore, will be permitted to proceed upon those claims.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the following claims against Defendants will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c): (1) Plaintiff's official capacity claims; and (2) Plaintiff's Fourteenth Amendment personal capacity due process claims premised upon Plaintiff's termination from Plaintiff's job. Plaintiff's Fourteenth Amendment personal capacity equal protection claims against Defendants remain in the case.

An order consistent with this opinion will be entered.


Dated:      March 8, 2023                         /s/ Robert J. Jonker
                                                  Robert J. Jonker
                                                  United States District Judge